S. J. PECQUET & AL. vs. W. GOLIS.

Several cre-
ditors, standing
in the same pre-
dicament, and
seeking the
same relief,
may join in one
application.

APPEAL from the court of the parish and city of New Orleans.

MARTIN J, delivered the opinion of the court. The petition states that the applicants are respectively creditors of Golis, who has

obtained a respite ; that they are informed and believe he has fraudulently and clandestinely disposed of a great part of his goods, and is preparing fraudulently to depart from the state. They pray for his arrest, and attachment of his property. On this affidavit, the parish judge ordered the arrest and attachment, which were executed.

Golis introduced witnesses to disprove the allegations in the petition—the judge ordered a valuation of the goods, but directed him to "remain under bail, with good and sufficient security, for the amount of the claims of the plaintiffs, as detailed in the petition, not to leave the state or the jurisdiction of the court, until he has successively complied with the terms of the respite." He appealed.

1. His counsel urges that creditors whose claims are not connected, have no right to cumulate their actions—11 *Martin*, 287.

2. If they sue him, in behalf of his other creditors, they must set forth their authority—5 *Nouveau Denissart*, 685, *no.* 9, *Varbo Creance.*

3. The petition must set forth the cause of action, and conclude with a prayer for relief, adapted to the circumstances of the case—2 *Martin's Digest*, 156.

One, who has obtained a respite, and meditates a removal, may be arrested and his goods seized.

When he is brought before the judge, his person and goods may be secured, notwithstanding a defect, in the process on which he was arrested.

East'n District.
*July*, 1823.

PECQUET & AL.
*vs.*
GOLIS.

4. Except in the case of a voluntary surrender, the creditor must select between arrest and attachment The remedies cannot be cumulated—*Acts of* 1817, 130, § 9.

5. The allegations are insufficient to warrant either—1 *Martin's Digest*, 474, 480, 482, 512, *Acts of* 1817, *p.* 26.

6 The judge's order for the arrest, should have stated the particular suit, in which surety was to be given—*Id.* 476, 480, 482.

7. The writ of attachment should not be at variance with the evidence of the debt set forth in the petition—*Id.* 514.

I. II. This does not appear to be a regular suit, in which the defendant was to be called on to answer. It was an application et chambers, for surety, in the case of creditors whose debts were not payable. It might have been made by the creditors severally, and we do not see how several of them, standing in the same predicament, and seeking the same relief, could not join in the application.

III. The petition concludes with a prayer adapted to the case; the arrest of the debtor and the attachment of his goods.

IV. Persons who obtain a respite, fall into

East'n District.
*July*, 1823.
PECQUET &AL.
*vs.*
GOLIS.

the class of bankrupts, *Fallıdos*, and when they are suspected of meditating a removal, *siendo sospchoso d fuga*, may be arrested and his goods seized, *ha de ser pre,o y sequestrados sus biens—Cur. Phil Fallıdos*, 3–23.

V. The allegations appear to us sufficient. The fraudulent intention to depart is sufficiently stated. The applicants swear they are informed of, and truly believe it.

VI. VII. The debtor being once before the judge, it was the duty of the latter to secure his person or his goods—or both; even if there had been any imperfection in the process, by which he was brought before him.

As to the question of fact, the discretion of the judge does not appear to us to have been improperly exercised. In a case like the present, fraud is presumed, and no great injury was done in holding the debtor to the security he had given.

When a debtor, who has obtained a respite, gives room to suspect him of an intention to depart, he cannot avail himself of the respite. He may be treated as a bankrupt—*Cur. Phil. Esperas y quitas, no.* 9.

East'n District.
July, 1823.

PECQUET & AL
vs.
GOLIS.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.

*Cuvillier* for the plaintiffs, *Trabuc* for the defendant.